IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

RENASANT BANK, INC.,                    *

    Plaintiff,                           *

vs.                                     *
                                 CASE NO. 3:11-CV-143 (CDL)

EARTH RESOURCES OF FRANKLIN *
COUNTY, LLC, CHARLES C.
DINSMORE, and JOHN F. *
SMITHGALL,

                              *

    Defendants.

                              *

O R D E R

Plaintiff Renasant Bank, Inc. ("Renasant") seeks to recover principal, interest, and collection expenses from Defendant Earth Resources of Franklin County, LLC ("ERFC") and Defendant John F. Smithgall ("Smithgall") pursuant to a promissory note and personal guaranty. The parties previously moved for summary judgment, and the Court issued an Order finding ERFC liable for the principal amount of $5,788,106.34 under the promissory note and Smithgall liable for the principal amount of $2,000,000.00 under his personal guaranty. *Renasant Bank, Inc. v. Earth Res. of Franklin Cnty., LLC*, No. 3:11-CV-143 (CDL), 2012 WL 4959420, at *8 (M.D. Ga. Oct. 17, 2012). The Court, however, could not determine the amount of interest or collection expenses as a matter of law based upon the record at that time and deferred ruling on those issues. *Id.* The Court directed Renasant to

supplement its motion to provide additional explanation of its calculations to assist the Court in determining the amount of interest and collection expenses owed by Defendants. *Id.* Even after Renasant responded with supplementation, the Court concluded that the record at that time did not disclose with reasonable certainty the amounts owed for interest and collection expenses. Consequently, the Court granted Renasant's motion for summary judgment as to the principal amounts owed but denied the motion as to interest and collection expenses. Nov. 29, 2012 Order, ECF No. 61. Renasant subsequently filed a Motion for Reconsideration (ECF No. 63), which the Court treated as a supplemental motion for summary judgment. After further consideration, the Court scheduled a hearing to determine whether the amounts owed for interest and collection expenses could be decided as a matter of law. Mar. 4, 2013 Order, ECF No. 69. That hearing was held on May 9, 2013. Based on the present record and with the benefit of oral argument at the hearing, the Court now grants Renasant's Supplemental Motion for Summary Judgment (ECF No. 63) as follows.

As previously found by the Court, Defendant ERFC is liable to Renasant in the principal amount of $5,788,106.34, and Defendant Smithgall is jointly and individually liable under his personal guaranty for the principal amount of $2,000,000.00. *Renasant Bank, Inc.*, 2012 WL 4959420, at *8. The Court further

finds that it is now undisputed that the total indebtedness and accrued interest owed by ERFC to Renasant is $7,976,734.05. ERFC also owes attorneys' fees under the promissory note.  The issues that remain in dispute are the amounts that Smithgall owes for accrued interest and collection expenses, including attorneys' fees, and the amount ERFC owes in attorneys' fees. The Court first addresses the issues relating to Smithgall's liability.   The resolution of those issues requires an interpretation of Smithgall's personal guaranty and the underlying promissory note.

Smithgall personally guaranteed "the payment and performance of each and every debt, liability and obligation . . . (hereinafter collectively referred to as the 'Indebtedness')" described in "Promissory Note # 130308004 In the Amount of $5,787,478.60 Dated 07/30/09."  Smithgall Dep. Ex. 46, Personal Guaranty 1, ECF No. 45-47.  Smithgall's guaranty capped his liability for principal but also obligated him to pay accrued interest and attorneys' fees.  Paragraph 4 of the guaranty states that Smithgall's liability

> shall be limited to a principal amount of
> $2,000,000.00 . . . plus accrued interest thereon and
> all other costs, fees, and expenses agreed to be paid
> under all agreements evidencing the Indebtedness and
> securing the payment of the Indebtedness, and all
> attorneys' fees, collection costs and enforcement
> expenses referable thereto.

*Id.* at ¶ 4.

Renasant contends that this paragraph of the guaranty makes it clear that Smithgall is liable for accrued interest on the $2,000,000.00 principal amount that he guaranteed and that he is liable jointly and individually for attorneys' fees as calculated under the terms of the underlying promissory note that he guaranteed.   The promissory note provides that attorneys' fees shall be calculated as "15 percent of the total principal and interest then owed."   Smithgall Dep. Ex. 44, Promissory Note 2, ECF No. 45-45.   Renasant seeks interest in the amount of $889,584.60 as of the date of the hearing and attorneys' fees of $1,196,510.10.

Smithgall does not seriously dispute that he owes accrued interest on the $2,000,000.00 principal amount that he guaranteed.   The amount of that accrued interest as of the date of the hearing on May 9, 2013 is $889,584.60 with a per diem rate of $888.88.   The Court finds that Smithgall is liable as a matter of law for this amount of interest.

Smithgall does, however, contest Renasant's claim for attorneys' fees.   Smithgall contends that his attorneys' fees liability is limited to the attorneys' fees associated only with the enforcement of the guaranty and not the attorneys' fees related to the collection of the underlying debt as calculated according to the terms of the promissory note.   Smithgall argues alternatively that if he is responsible for the attorneys' fees

4

associated with the collection of the underlying debt, that the

method for calculating those fees in the promissory note (15% of

the principal and accrued interest) is not reasonable, and he

should only be liable for an amount that the Court determines is

reasonable based on a reasonable hourly rate multiplied by the

reasonable number of hours spent on the collection.

In support of his argument that his attorneys' fees

liability should be limited to those fees related solely to

enforcement of the guaranty, Smithgall relies upon paragraph 5

of his guaranty which provides:

> 5. The Undersigned will pay or reimburse Lender for
> all costs and expenses (including reasonable
> attorneys' fees and legal expenses) incurred by Lender
> in connection with the protection, defense or
> enforcement of this guaranty in any litigation or
> bankruptcy or insolvency proceedings.

Personal Guaranty ¶ 5.

Smithgall argues that paragraph 5 of the guaranty when read

in conjunction with paragraph 4 of the guaranty creates an

ambiguity.  Smithgall urges the Court to use ordinary rules of

contract construction and find that the more specific paragraph

5 controls over the more general paragraph 4.  Under this

interpretation, Smithgall maintains that Renasant is only

responsible for attorneys' fees associated with the enforcement

of the guaranty.  To resolve this issue, the Court must first

determine "whether the language of the contract is clear and

unambiguous."   *Bd. of Comm'rs of Crisp Cnty. v. City Comm'rs of City of Cordele*, 315 Ga. App. 696, 699, 727 S.E.2d 524, 527 (2012).   If it is, the contract is enforced according to the plain meaning of its terms.   *Id.*   If not, the Court must apply the rules of contract construction to resolve the ambiguity. *Id.*   Only if ambiguity remains after performing these steps should a jury resolve the issue of what the parties intended. *Id.*

The Court finds that the language in the guaranty is clear and unambiguous.   The guaranty obligates Smithgall as the personal guarantor on the underlying promissory note with a limitation of his liability as to principal in the amount of $2,000,000.00.   Paragraph 4 of that guaranty further obligates Smithgall to pay, in addition to that principal amount and accrued interest, "all other costs, fees, and expenses agreed to be paid under all agreements evidencing the Indebtedness and securing the payment of the Indebtedness, and all attorneys' fees collection costs and enforcement expenses referable thereto."   Personal Guaranty ¶ 4.   The Court finds that this language clearly contemplates that Smithgall's liability for attorneys' fees shall be determined based on the terms of the underlying promissory note.   He agreed to pay attorneys' fees as referred to in the "agreements evidencing the Indebtedness." *Id.*   The promissory note, which is clearly one of the

6

"agreements evidencing the Indebtedness" referred to in paragraph 4 of the guaranty, provides that the borrower shall pay attorneys' fees in the amount of 15% of the principal plus accrued interest.  Promissory Note 2.  Smithgall guaranteed this obligation without any limitation.  Accordingly, the Court finds Smithgall personally liable under paragraph 4 of his guaranty for attorneys' fees, which are calculated as 15% of the total principal and interest owed under the promissory note.

The Court rejects Smithgall's argument that paragraph 5 of the guaranty makes this obligation ambiguous.  The Court finds that both paragraphs can be construed together without any ambiguity.  Paragraph 5 obligates Smithgall to pay any "costs and expenses (including reasonable attorneys' fees and legal expenses) incurred in connection with the protection, defense or enforcement of this guaranty in any litigation or bankruptcy or insolvency proceedings."  Personal Guaranty ¶ 5.  The Court finds that this additional obligation does not alter Smithgall's obligation in paragraph 4 that he shall pay attorneys' fees associated with the collection of the underlying indebtedness. Instead, reading these two provisions together, the Court finds that paragraph 5 was intended to obligate Smithgall to pay any attorneys' fees associated with litigation over the guaranty that may not be considered as having been covered by paragraph 4.  Smithgall's interpretation of these two provisions of the

guaranty would render paragraph 4 of the guaranty meaningless. *See Crisp Cnty.*, 315 Ga. App. at 701, 727 S.E.2d at 528 ("[I]t is well established that a court should avoid an interpretation of a contract which renders portions of the language of the contract meaningless."). Therefore, the Court finds that Smithgall is liable as a matter of law under the personal guaranty for attorneys' fees in the amount of 15% of the total amount of principal and interest owed under the promissory note. This amount is $1,196,510.10.[1]

Defendants alternatively challenge the reasonableness of the attorneys' fees under O.C.G.A. § 13-1-11(b). That statute permits a challenge to attorneys' fees that are calculated based on a percentage of the indebtedness when that calculation yields an amount exceeding $20,000.00. This provision of the statute, however, was not enacted until after the guaranty and promissory note were entered into in this transaction, and it is clear that this amendment to the statute was not intended to be applied retroactively. *See Wells Fargo Bank, N.A. v. SFPD II, LLC*, No. 1:11-cv-4001-JEC, 2013 WL 541410, at *7 n.8 (N.D. Ga. Feb. 12, 2013) (noting that O.C.G.A. § 13-1-11(b) "only applies to contracts entered on or after July 1, 2011") (citing 2012 Ga.

---

[1] This amount was calculated as 15% of $7,976,734.05, which is the principal plus accrued interest as of the date of the Court's October 17, 2012 Order. At the May 9, 2013 hearing, Renasant abandoned its claim to additional attorneys' fees based on the accrual of interest from October 17, 2012 to present.

Laws 725).    Therefore,  Smithgall  and  ERFC  are  liable  for  the attorneys'  fees  they  agreed  to  pay  when  ERFC  executed  the promissory note and Smithgall executed the guaranty—15% of the principal and interest owed under the promissory note.

CONCLUSION

ERFC and Smithgall are jointly and severally liable under the promissory note and personal guaranty as follows:   ERFC is liable to Renasant for the total amount of $9,173,244.15, which represents $5,788,106.34 in principal, $2,188,627.71 in accrued interest,  and  $1,196,510.10  in  attorneys'  fees.    Pl.'s Supplemental Mot. for Summ. J. Attach. 1, Blackwell Aff. ¶¶ 5-12, 16, ECF No. 63-1.   Smithgall is jointly and individually liable  to  Renasant  in  the  amount  of  $4,086,094.70,  which includes  $2,000,000.00  in  principal,  $889,584.60  in  accrued interest, and $1,196,510.10 in attorneys' fees.[2]

Renasant's  motion  for  summary  judgment  is  granted  as explained in this Order.   The Clerk shall enter final judgment in favor of Plaintiff Renasant Bank, Inc. against Defendant Earth  Resources  of  Franklin  County,  LLC  in  the  amount  of $9,173,244.15 and against Defendant John F. Smithgall, jointly and individually, in the amount of $4,086,094.70.

---

[2] Although it should be obvious, the Court observes that Smithgall's liability  is  shared  jointly  with  ERFC.    In  other  words,  while Smithgall  may  ultimately  be  responsible  individually  up  to $4,086,094.70, he will be credited with any part of that liability that may be paid by ERFC.

9

IT IS SO ORDERED, this 13th day of May, 2013.

                              S/Clay D. Land
                              _____
                                   CLAY D. LAND
                              UNITED STATES DISTRICT JUDGE